# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

**Docket No. _____**

IN RE COUNTY OF ORANGE

Petitioner,

v.

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA,

Respondent,

TATA CONSULTANCY SERVICES LTD. and
TATA AMERICA INTERNATIONAL CORPORATION;

Respondents and Real Parties in Interest.

From The United States District Court
For the Central District of California, Case No. SACV 13-683-JLS (JCx)

## PETITION FOR WRIT OF MANDAMUS;
### *EXPEDITED CONSIDERATION IS REQUESTED*

THEODORA ORINGHER PC
Todd C. Theodora, Esq. (State Bar No. 120426) – ttheodora@tocounsel.com
Allan L. Schare, Esq. (State Bar No. 126305) – aschare@tocounsel.com
Benjamin P. Broderick, Esq. (State Bar No. 212124) – bbroderick@tocounsel.com
Alexander G. Brizolis, Esq. (State Bar No. 259634) – abrizolis@tocounsel.com
535 Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone (714) 549-6200
Facsimile (714) 549-6201
*Counsel for Petitioner/Plaintiff and Counterdefendant*

952779.3/81185.05003

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................. 1

II.   STATEMENT OF FACTS ............................................................. 4

    A.    Petitioner's Complaint ........................................................... 4

    B.    Tata's Motion to Strike Petitioner's Jury Demand and the District Court's Order .................................................................... 6

III.  STATEMENT OF RELIEF SOUGHT AND ISSUES PRESENTED .......... 7

IV.  ARGUMENT ................................................................................ 7

    A.    This Court Should Grant Mandamus Because Such Relief is Appropriate to Protect Petitioner's Constitutional Right to a Jury Trial ................................................................................... 9

    B.    The *Bauman* Factors Weigh Heavily in Favor of Granting Mandamus Relief .................................................................... 10

          1.    Mandamus is Appropriate Notwithstanding the Availability of Appeal After Judgment .................................... 10

          2.    Petitioner Will Be Damaged or Prejudiced in a Way Not Correctable on Appeal ................................................... 11

          3.    The District Court's Order is Clearly Erroneous ..................... 12

               (a)    The Jury Waiver Provision is Unenforceable Because California Law, Which Governs the Contract, Prohibits Pre-Dispute Jury Waivers .............. 13

               (b)    The Federal Policy Favoring Jury Trials Requires Deference to More Protective State Law ....................... 14

               (c)    Petitioner is Entitled to a Jury Trial on its Claims and Defenses of Fraud ......................................... 22

          4.    The Order Manifests a Blatant Disregard of the Federal Policy Favoring Jury Trials ....................................... 26

**TABLE OF CONTENTS (Cont.)**

      5.    The Order Raises Issues of First Impression in This
          Circuit......................................................................................... 28

V.     CONCLUSION............................................................................................. 30

## TABLE OF AUTHORITIES

### <u>CASES</u>

*Admiral Ins. Co. v. U.S. Dist. Court. for Dist. of Arizona,*
    881 F.2d 1486 (9th Cir. 1989) ........................................................................ 8

*AMEC Environment & Infrastructure Inc. v. Spectrum Services Group, Inc.,*
    Case No. 12-CV-04059-WHO,
    2013 WL 6405811 (N.D. Cal. Dec. 6, 2013) ............................ 17, 19, 28, 29

*Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.,*
    521 F. Supp. 2d 1031 (N.D. Cal. 2007) ........................................................ 17

*Armster v. U.S. Dist. Court for Cent. Dist. of California,*
    806 F.2d 1347 (9th Cir. 1986) ...................................................................... 11

*Bauman v. U.S. Dist. Court,*
    557 F.2d 650 (9th Cir. 1977) ................................................................. passim

*Beacon Theaters, Inc. v. Westover,*
    359 U.S. 500 (1959) ........................................................................................ 9

*Bookhart v. Janis,*
    384 U.S. 1 (1966) .......................................................................................... 18

*Dairy Queen, Inc. v. Wood,*
    369 U.S. 469 (1962) ........................................................................................ 8

*Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,*
    890 F.2d 165 (9th Cir. 1989) ........................................................................ 23

*Douglas v. U.S. Dist. Court for Cent. Dist. of California,*
    495 F.3d 1062 (9th Cir. 2007) ...................................................................... 11

*Erie R.R. v Tompkins,*
    304 U.S. 64 (1938) .................................................................................. 14, 15

*Filet Menu, Inc. v. C.C.L. & G., Inc.,*
    79 Cal. App. 4th 852 (2000) ......................................................................... 22

*Financial Technology Partners L.P. v. FNX Ltd.,* Case No. C 07-01298
    JSW,
    2009 WL 464762 (N.D. Cal. Feb. 24, 2009) ......................................... passim

*GE Commercial Finance Business Property Corp. v. Heard,*
    621 F. Supp. 2d 1305 (M.D. Ga. 2009) .................................................. 15, 16

*Grafton Partners, L.P. v. Superior Court,*
    36 Cal. 4th 944 (2005) ............................................................................ passim

## TABLE OF AUTHORITIES (Cont.)

*Hernandez v. Tanninen,*
    604 F.3d 1095 (9th Cir. 2010) ...................................................... 13

*Herron v. Southern Pac. Co.,*
    283 U.S. 91 (1931) ........................................................................ 21

*IFC Credit Corp. v. United Business & Industrial Federal Credit Union,*
    512 F.3d 989 (7th Cir. 2008) ................................................ 14, 20

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) ........................................................ 29

*In re Cement Antitrust Litig. (MDL No. 296),*
    688 F.2d 1297 (9th Cir. 1982) .................................................. 8, 12

*Integrated Global Concepts, Inc. v. j2 Global, Inc.,*
    Case No. C-12-03434-RMW, 2013 WL 5692352 (N.D. Cal. Oct. 15,
    2013) ................................................................................... passim

*Jacob v. New York,*
    315 U.S. 752 (1942) ...................................................................... 26

*Knievel v. ESPN,*
    393 F.3d 1068 (9th Cir. 2005) ...................................................... 21

*Kreimer v. Bureau of Police for Town of Morristown,*
    958 F.2d 1242 (3d Cir. 1992) ....................................................... 15

*Lee Pharmaceuticals v. Mishler,*
    526 F.2d 1115 (2d Cir. 1975) ......................................................... 9

*Manneh v. Inverness Medical Innovations, Inc.,* Case No. 08CV653 WQH
    (AJB),
    2011 WL 662765 (S.D. Cal. Feb. 11, 2011) ................................ 23

*Medhekar v. U.S. Dist. Court for the N. Dist. of California,*
    99 F.3d 325 (9th Cir. 1996) .......................................................... 12

*Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.,*
    500 F.3d 171 (2d Cir. 2007) ...................................... 4, 20, 23, 24

*Miller v. Gammie,*
    335 F.3d 889 (9th Cir. 2003) ........................................................ 11

*Mondor v. U.S. Dist. Court for Cent. Dist. of California,*
    910 F.2d 585 (9th Cir. 1990) .......................................................... 9

*MZ Ventures, LLC v. Mitsubishi Motor Sales of America, Inc.,* Case No.
    CV9902395 DDP(AIJXo.),
    1999 WL 33597219, (C.D. Cal. Aug. 31, 1999) ............... 24, 25, 30

## TABLE OF AUTHORITIES (Cont.)

*Nat'l Right to Work Legal Def. v. Richey,*
    510 F.2d 1239 (D.C. Cir. 1975) ................................................................. 29

*Odom v. Fred's Stores of Tennessee, Inc.,*
    Case No. 7:12-CV-91 (HL), 2013 WL 83023 (M.D. Ga. Jan. 7, 2013) ....... 27

*Owens-Illinois, Inc. v. U.S. Dist. Court for W. Dist. of Washington, at
Tacoma,*
    698 F.2d 967 (9th Cir. 1983) ...................................................................... 10

*Pallen Martial Arts, LLC v. Shir Martial Artz, LLC,* Case No. 13-CV-05898-
JST,
    2014 WL 2191378 (N.D. Cal. May 23, 2014) ......................... 16, 22, 28, 29

*Perry v. Schwarzenegger,*
    591 F.3d 1147 (9th Cir. 2010) .................................................................... 12

*Pradier v. Elespuru,*
    641 F.2d 808 (9th Cir. 1981) ...................................................................... 27

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.,*
    388 U.S. 395 (1967) .................................................................................... 25

*Raedeke v. Gibralter Sav. & Loan Assn.,*
    10 Cal. 3d 665 (1974) ................................................................................. 23

*San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose),*
    187 F.3d 1096 (9th Cir. 1999) .................................................................... 13

*Simler v. Connor,*
    372 U.S. 221 (1963) .............................................................................. passim

*Telum, Inc. v. E.F. Hutton Credit Corp.,*
    859 F.2d 835 (10th Cir. 1988) ........................................................ 20, 23, 25

*Tracinda Corp. v. DaimlerChrysler AG,*
    502 F.3d 212 (3d Cir. 2007) ....................................................................... 20

*Tushner v. U.S. Dist. Court for the Cent. Dist. of California,*
    829 F.2d 853 (9th Cir. 1987) ........................................................................ 1

*U.S. ex rel. Collins Plumbing, Inc. v. Turner-Penick Joint Venture,*
    Case No. 3:11-CV-2834-GPC-MDD, 2013 WL 5462278, *9 (S.D.
Cal. Sept. 30, 2013) ................................................................................ 25

*United States v. Harper,*
    729 F.2d 1216 (9th Cir. 1984) .............................................................. 8, 9, 26

*United States v. Nordbrock,*
    941 F.2d 947 (9th Cir. 1991) ....................................................... 2, 12, 27, 28

## TABLE OF AUTHORITIES (Cont.)

*Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii,*
  934 F.2d 1026 (9th Cir. 1991) ...................................................................... 10

## **STATUTES**

Cal. Civ. Code § 3517 ..................................................................................... 22

Cal. Civ. Proc. Code § 631 ............................................................................. 14

Cal. Civ. Proc. Code § 1280 ........................................................................... 24

Cal. Civ. Proc. Code § 1281 ........................................................................... 24

Fed. R. Civ. P. 12(b)(6) ................................................................................... 21

Fed. R. Civ. P. 38 .................................................................................. 2, 6, 26

## **OTHER AUTHORITIES**

Cal. Const., art. I, § 16 .................................................................................... 13

## PETITION FOR WRIT OF MANDAMUS

## I.    INTRODUCTION

Petitioner County of Orange ("Petitioner" or the "County") seeks a writ to prevent irreparable harm that will otherwise result from an Order by the District Court striking Petitioner's demand for a jury trial.    In this Circuit, "[i]f the [plaintiff is] entitled to a jury trial, [its] right to the writ is clear." *Tushner v. U.S. Dist. Court for the Cent. Dist. of California*, 829 F.2d 853, 855 (9th Cir. 1987). Because the County is entitled to a jury trial under governing California law, the requested writ should issue.  Absent issuance of a writ, Petitioner will be deprived of its constitutional right to a jury trial, and the parties will be forced to conduct burdensome and expensive trial proceedings that will have to be vacated and conducted again if this Court later reverses the District Court's Order on appeal.

The parties' contract contained a pre-dispute jury waiver provision that is clearly unenforceable under California law, which the parties chose to govern all disputes arising out of the contract. *See Grafton Partners, L.P. v. Superior Court*, 36 Cal. 4th 944 (2005) ("*Grafton*") (holding California law does not permit pre-dispute jury waivers).  The District Court agreed that *Grafton* reflects the state of the law on pre-dispute jury waivers in California, and acknowledged a host of recent decisions in this Circuit applying *Grafton* where California law governed the parties' contracts.  However, recognizing that this Court has not addressed

whether federal courts should defer to California law in these circumstances, and in the face of the nearly uniform district court decisions suggesting sound reasons to do so, the District Court nonetheless struck the County's jury demand.

Under Federal Rule of Civil Procedure 38(a), "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate." Thus, this Court has confirmed that district courts "must indulge every reasonable presumption against the waiver of the jury trial." *United States v. Nordbrock*, 941 F.2d 947, 949-50 (9th Cir. 1991). Consistent with this unambiguous mandate, one district court in this Circuit has observed that "[federal] courts tend to apply state law when state law is more protective of the right to a jury than federal law." *Integrated Global Concepts, Inc. v. j2 Global, Inc.*, Case No. C-12-03434-RMW, 2013 WL 5692352, *2 (N.D. Cal. Oct. 15, 2013) (citing cases within and outside this Circuit). Accordingly, where the parties to a contract containing a pre-dispute jury waiver select California or Georgia law to govern their contract (both of which prohibit pre-dispute jury waivers), district courts have consistently declined to enforce such purported waivers.[1]

In considering the motion to strike that led to the Order under review, the

---

[1] California and Georgia appear to be the only two states that prohibit pre-dispute jury waivers.

2

District Court acknowledged that "it seems to be perhaps the majority or the trend, applying California law [in evaluating the enforceability of a jury waiver]." (Excerpts of Record ("ER") Vol. I at p. 003 [June 6, 2014 Hearing Transcript]). The District Court frankly acknowledged that its proposed Order was inconsistent with these precedents, noting that "the Court's tentative is not to follow the majority of the lower courts [...]." (*Id.*). In so doing, the District Court incorrectly presumed that it must choose between applying federal law or California law in evaluating Petitioner's right to a jury. But as a growing body of district court decisions has aptly demonstrated, the issue need not be framed as a matter of choosing between federal and state law. Rather, it is a matter of following the federal mandate to indulge every presumption in favor of the right to a jury – including, where applicable, enforcing the parties' choice of state law that is more protective of the jury right than is federal law. The District Court's Order refusing to honor this principle, and in the process denying Petitioner's right to a jury, was clear error.

The District Court's Order striking Petitioner's jury demand was also erroneous for the separate and independent reason that Petitioner has asserted fraud claims which, if proven, would void the parties' entire contract, including the jury waiver provision contained therein. The District Court wrongly assumed that the jury waiver provision must be enforced unless that specific provision was induced

by fraud, relying on a single Second Circuit case, *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007). However, the *Merrill Lynch* holding is predicated on an inapt analogy between jury waiver provisions and arbitration provisions, an analogy categorically rejected by the California Supreme Court and district courts within this Circuit.

Petitioner respectfully submits that the reasoning and analysis employed by every district court in the Circuit that has faced the question posed here, with the sole exception of the court below, is more appropriate and more consistent with federal case law and federal policy regarding the right to jury trial. For the foregoing reasons, which are discussed in detail below, this Court should issue a writ directing the District Court to vacate its Order striking Petitioner's jury demand.

## II.    STATEMENT OF FACTS

### A.    Petitioner's Complaint

The County derives a substantial portion of its revenue from the assessment of local property taxes. Efficiently and accurately managing the property tax process requires significant technological assistance. In the 1980s and 1990s, the County developed a mainframe-based computer system, referred to as the ATS System, to handle all property tax processes. The programming language used to create ATS, and the ATS System itself, have been obsolete for several years.

In an effort to modernize the highly specialized software needed to manage property taxes, the County issued an RFP soliciting bids from several software development firms. After receiving six responsive bids, the County selected Real Party in Interest Tata America International Corporation ("Tata America") based on several of its representations that proved to be false. On July 15, 2008, the parties executed a contract whereby Tata America promised to develop and implement the Property Tax Management System ("PTMS"), a successor to the ATS System, in twenty-five months, i.e., by July 31, 2010, for nearly eight million dollars (the "Contract").

Of particular import to the instant Petition, the Contract contains a California choice of law provision. Section 11 of the Contract provides in relevant part, "[t]his Contract has been negotiated and executed in the State of California and **shall be governed by and construed under the laws of the State of California**." (ER Vol. II at 091 [Contract For Professional Services For the Development and Implementation of the Property Tax Management System (PTMS)]) (emphasis added). The parties also included a jury trial waiver in the event of litigation, notwithstanding the California Supreme Court's *Grafton* decision of a few years earlier. (*See id.* at 096).

After countless broken promises and development and implementation errors on the part of Tata America, and after three amendments to the Contract

(two of which provided Tata America with more time and money to complete PTMS), the County finally decided to cut its losses, letting the Contract and its amendments expire by their terms in January of 2013. Three months later, the County filed suit against Tata America and its parent company, Tata Consultancy Services Ltd. (collectively, "Tata"), in the District Court for (1) promissory fraud; (2) fraudulent misrepresentation; (3) fraudulent concealment; (4) negligent misrepresentation; and (5) breach of contract. The County's complaint demanded a jury trial in accordance with Federal Rule of Civil Procedure 38.[2]

### B. Tata's Motion to Strike Petitioner's Jury Demand and the District Court's Order

On April 22, 2014, Tata moved to strike the County's jury demand based on the pre-dispute jury trial waiver in the Contract. Tata claimed that (1) the jury waiver was enforceable under federal law; (2) the jury waiver was enforceable under California law; and (3) the jury waiver was enforceable because Tata America relied on it in deciding to accept the Contract's terms. The County opposed Tata's motion on the grounds that (1) federal law requires application of California law to the jury waiver provision; (2) California law does not allow pre-dispute, contractual jury waivers; (3) Tata America's alleged reliance on the jury

---

[2] Tata has since counterclaimed against the County alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment.

waiver provision is immaterial; and (4) the jury waiver provision is unenforceable because Tata procured the Contract by fraud.

The District Court heard oral argument on Tata's motion on June 6, 2014, and took the matter under submission. Four days later, the District Court issued its Order granting Tata's motion to strike the County's jury demand. (*See* ER Vol. I at 019-025 [June 10, 2014 Order]).

## III.   **STATEMENT OF RELIEF SOUGHT AND ISSUES PRESENTED**

Petitioner seeks a writ directing the District Court to vacate its June 10, 2014 Order striking Petitioner's demand for a jury trial. The Order is clearly erroneous as a matter of law and exceeds the District Court's authority. Accordingly, this Court should vacate the District Court's Order and reinstate Petitioner's jury trial demand.

The issues presented by this writ petition are twofold:

- Is a pre-dispute, contractual jury trial waiver enforceable in federal court when California law, which prohibits such waivers, governs the operative contract?

- Is a contractual jury trial waiver enforceable by a party who is alleged to have procured the underlying contract by fraud?

## IV.   **ARGUMENT**

This Court should issue the requested writ for two separate and independent

reasons. *First*, federal courts of appeal have a responsibility to grant mandamus where necessary to protect the constitutional right to a trial by jury. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472 (1962) (granting mandamus to vacate district court's order striking petitioner's demand for a jury trial). As Petitioner will show, the District Court erred in striking its jury demand here.

*Second*, Petitioner's request satisfies the factors relevant to granting mandamus relief in general, as set forth in *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977):

> (1) whether the petitioner has no other means, such as an appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in any way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft repeated error or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems or issues of first impression.

As this Court has explained: "these considerations are cumulative and proper disposition will often require a balancing of conflicting indicators." *United States v. Harper*, 729 F.2d 1216, 1222 (9th Cir. 1984) (internal quotation omitted). They "serve only as a useful starting point, an analytic framework for determinations regarding the propriety of mandamus relief" (*id.;* citing *In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1301 (9th Cir. 1982)), and "[s]atisfaction of all five factors is not required [...]." *Admiral Ins. Co. v. U.S. Dist. Court. for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989). In fact, "rarely if ever will a case

arise where all the guidelines point in the same direction or even where each guideline is relevant or applicable." *Harper*, 729 F.2d at 1222.

Mandamus relief is particularly appropriate here because Petitioner's constitutional right to a jury trial is at stake. The *Bauman* factors also weigh heavily in Petitioner's favor. This Court should therefore issue the writ for these two reasons, each of which is sufficient alone.

**A.** **This Court Should Grant Mandamus Because Such Relief is Appropriate to Protect Petitioner's Constitutional Right to a Jury Trial**

Under long-standing Supreme Court precedent, "the right to grant mandamus to require jury trial where it has been improperly denied is settled." *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 511 (1959). Further, federal courts of appeal have held that "'the federal policy favoring jury decisions of disputed fact questions,' [citation] impels [appellate courts] to resolve any doubts in favor of the right to a jury trial." *Lee Pharmaceuticals v. Mishler*, 526 F.2d 1115, 1117 (2d Cir. 1975) (granting mandamus petition setting aside district court's order striking jury demand). In situations such as here, "the only question presented […] is whether the district court erred in denying petitioner's request for a jury trial." *Mondor v. U.S. Dist. Court for Cent. Dist. of California*, 910 F.2d 585, 586 (9th Cir. 1990) (writ granted to vacate district court's order denying jury trial). And when the deprivation of a jury trial is at stake, this Circuit does not

strictly adhere to the *Bauman* analysis. *See id.*; *Owens-Illinois, Inc. v. U.S. Dist. Court for W. Dist. of Washington, at Tacoma*, 698 F.2d 967 (9th Cir. 1983) (writ issued); *Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026 (9th Cir. 1991) (writ issued).

As explained more fully below (*see* Section IV. B. 3, *infra*), the District Court erred as a matter of law in granting Tata's motion to strike the County's jury demand. Accordingly, since the County is entitled to a jury trial, this Court should issue the writ.

## B. The *Bauman* Factors Weigh Heavily in Favor of Granting Mandamus Relief

In addition to the independent grounds in favor of granting mandamus where, as here, a court improperly denies a litigant its right to a jury trial, application of the *Bauman* factors also supports mandamus.

### 1. Mandamus is Appropriate Notwithstanding the Availability of Appeal After Judgment

Petitioner concedes that, procedurally speaking, it could appeal the District Court's Order after a final judgment in this action. Apart from the certain irreparable damage both parties would sustain under such a procedural path (*see* Section IV. B. 2, *infra*), this Circuit's precedent is clear that the availability of a subsequent appeal involving the deprivation of a jury trial is of no consequence to a mandamus petition. *See e.g. Armster v. U.S. Dist. Court for Cent. Dist. of*

*California*, 806 F.2d 1347, 1353 (9th Cir. 1986) ("[W]rits of mandamus are appropriate to preclude denials of the right to civil jury trial, and thus obviate the need later to reverse on appeal and subject the parties to retrial.").

Thus, while Petitioner could appeal a judgment from the District Court, this Circuit recognizes the appropriateness of mandamus when a lower court threatens the right to a jury trial. The fact that an appeal after a bench trial is technically possible is therefore immaterial.

### 2. Petitioner Will Be Damaged or Prejudiced in a Way Not Correctable on Appeal

The second *Bauman* factor weighs in favor of granting mandamus relief.[3] The detriment Petitioner will suffer if forced to litigate this action multiple times is obvious. The expense, time, and effort required to conduct two separate proceedings – a bench trial and then a jury trial – will impose a significant burden on the parties and will result in a waste of judicial resources, particularly in a complex case such as this where trial will be likely.

This Court has invoked its supervisory mandamus authority when, as here, it is confronted with "extraordinarily important questions of first impression [...]."

---

[3] The first two *Bauman* factors are closely related, *i.e.*, availability of relief by appeal is irrelevant if petitioner will be irreparably harmed in the meantime. *See e.g. Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003). The Court therefore generally examines the first and second *Bauman* factors together. *See Douglas v. U.S. Dist. Court for Cent. Dist. of California*, 495 F.3d 1062, 1068, fn. 3 (9th Cir. 2007).

*Perry v. Schwarzenegger*, 591 F.3d 1147, 1154 (9th Cir. 2010) (concerning scope of a privilege) (*see* Section IV. B. 5 *infra*). And as long as Petitioner demonstrates that it will suffer an actual injury not correctable on appeal, it satisfies the injury requirement and the second criterion in the *Bauman* analysis. *See In re Cement*, *supra*, 688 F.2d at 1303 (additional costs and delay sufficient where mandamus review is pursuant to the Court's supervisory authority); *see also Medhekar v. U.S. Dist. Court for the N. Dist. of California*, 99 F.3d 325, 327-29 (9th Cir. 1996) (holding that burden and costs of initial disclosures could not be corrected in a subsequent appeal from final judgment).

As in *In re Cement* and *Perry*, the Court here may exercise its supervisory power to decide significant questions of first impression. Thus, the harm imposed by trying the same case twice – increased costs, economic and judicial waste, delay, and inefficiencies – is more than sufficient to satisfy the second *Bauman* factor. And, like in *Medhekar*, this injury cannot be corrected in a subsequent appeal from final judgment because by then it will be "moot." 99 F.3d at 326-27.

### 3. <u>The District Court's Order is Clearly Erroneous</u>

The third *Bauman* factor is also met since (1) California law, which prohibits pre-dispute jury waivers, governs the Contract; (2) federal policy favors jury trials and instructs courts to "indulge every reasonable presumption against the waiver of the jury trial" (*Nordbrock, supra*, 941 F.2d at 949-50); and (3) Tata's fraudulent

procurement of the Contract precludes Tata from enforcing the jury waiver provision.

A lower court ruling is "clearly erroneous" if the appellate court is "left with the definite and firm conviction that a mistake has been committed." *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal quotation omitted). For the reasons set forth below, Petitioner contends that the District Court's Order was clearly erroneous in striking Petitioner's jury demand. Separately, it is also the law in this Circuit that where a petition for mandamus raises an important issue of first impression, as the case is here (*see* section IV. B. 5, *infra*), a petitioner need only show "ordinary (as opposed to clear) error." *San Jose Mercury News, Inc. v. U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).

### (a) The Jury Waiver Provision is Unenforceable Because California Law, Which Governs the Contract, Prohibits Pre-Dispute Jury Waivers

In *Grafton*, the California Supreme Court specifically held that contractual, pre-dispute jury waivers, like the one at issue here, are unenforceable. *See* 36 Cal. 4th at 967 ("[G]overning California constitutional and statutory provisions **do not permit predispute jury waivers**.") (emphasis added). Central to the *Grafton* court's holding was the California constitutional mandate that "any waiver of the inviolate right to a jury determination must occur by the consent of the parties to the cause *as provided by statute*." *Id.* at 951; citing Cal. Const., art. I, § 16 (italics

in original). Since the court found that California Code of Civil Procedure § 631 is the only statute authorizing a jury waiver, and that it only applies once litigation has commenced, the court held that pre-dispute jury waivers are not permitted under California law. *See id.* at 957.

Here, it is undisputed that California law governs the Contract which contains the jury waiver provision at issue. (*See* ER Vol. II at 091). Accordingly, in light of *Grafton*, the jury waiver provision is unenforceable under California law.

### (b)    The Federal Policy Favoring Jury Trials Requires Deference to More Protective State Law

As Justice Easterbrook observed in *IFC Credit Corp. v. United Business & Industrial Federal Credit Union*, 512 F.3d 989 (7th Cir. 2008), "[t]here is no general federal law of contracts after *Erie R.R. v Tompkins*, 304 U.S. 64 (1938); if 'federal law' did control, the best it could do would be to use state law as the rule of decision." 512 F.3d at 992. Based on this principle, the *IFC Credit Corp.* court held that state law provides the rule of decision regarding contractual jury trial waivers in federal diversity actions. *See id.* at 994.

District courts in the only two states that offer greater protection of the right to a jury trial than does federal law (California and Georgia) that have considered this issue have *overwhelmingly* refused to enforce such waivers. As the Middle District of Georgia's Judge Land appropriately reminded in a case factually similar

to the instant one, "states 'are free to extend more sweeping constitutional guarantees to their citizens than does federal law, as **federal constitutional law constitutes the floor, not the ceiling, of constitutional protection.'**" *GE Commercial Finance Business Property Corp. v. Heard*, 621 F. Supp. 2d 1305, 1309 (M.D. Ga. 2009) (emphasis added) (holding that Georgia law prohibiting pre-dispute jury waivers rendered such a waiver unenforceable in a diversity action); quoting *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1269 (3d Cir. 1992). In *GE Commercial*, the court ultimately held that since "the state law that presumptively applies does not diminish a federal right that either party possesses, it must be applied under *Erie* [*supra*]." 621 F. Supp. 2d at 1309-10.

Like *GE Commercial*, recent California district court opinions that have addressed the exact question presented here have unanimously refused to enforce pre-dispute, contractual jury waiver provisions in contracts governed by California law. For example, in *Financial Technology Partners L.P. v. FNX Ltd.*, Case No. C 07-01298 JSW, 2009 WL 464762 (N.D. Cal. Feb. 24, 2009), Judge White in the Northern District cautioned against the unintended consequences of a strict application of federal law over a more protective state law: "[i]ronically, although the reason the Supreme Court [in *Simler v. Connor*, 372 U.S. 221 (1963)*, infra*] held that federal law governs the right to a jury trial was to protect this right, applying federal law here would eliminate that right." 2009 WL 464762 at *2; *see*

*also GE Commercial*, 621 F. Supp. 2d at 1308-09 ("Because the vast majority of states permit pre-litigation contractual jury waivers, the application of state law in [the *Simler* line of cases] would likely have had the effect of restricting one's federal constitutional right to a jury trial."). In holding that the contractual jury trial waiver was unenforceable, the court in *Financial Technology* found that "applying California law here, which is more protective of the right to a jury trial, would **promote the policy underlying the [federal] rule regarding jury waivers**." 2009 WL 464762 at *2 (emphasis added).

Just two months ago, a court in the Northern District again refused to give effect to a pre-dispute, contractual jury waiver provision in a contract governed by California law. *See Pallen Martial Arts, LLC v. Shir Martial Artz, LLC*, Case No. 13-CV-05898-JST, 2014 WL 2191378 (N.D. Cal. May 23, 2014). In so doing, the court correctly recognized that the decision whether to apply California or federal law is not an either/or choice. Rather, the court found it appropriate to "give effect to California's constitutional prohibition on jury trial waivers, so as to **give effect to the federal policy which protects the right to a jury trial**." 2014 WL 2191378 at *10 (emphasis added).

The district courts in this Circuit that have considered this question (other than the District Court below) have all thus concluded that as a matter of federal procedural law, they should defer to California's prohibition on pre-dispute jury

waivers in order to give effect to the strong federal policy in favor of jury trials. Because the District Court has created a split within the Circuit on this question, this Court should now issue the writ and apply California law to the Contract's jury waiver provision in order to uphold deep-rooted federal policy preserving the right to a jury trial. (*See* Section IV. B. 4, *infra*).

The District Court here mistakenly suggests that California district courts were already split on the issue of whether state or federal law applies to a contractual, pre-dispute jury waiver before it issued its Order. This is not so. In the single case cited for this proposed split, *Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc.*, 521 F. Supp. 2d 1031 (N.D. Cal. 2007), there was no discussion at all of the interplay between California and federal law regarding pre-dispute jury waivers. Indeed, the *Integrated Global Concepts* court just this past October found *Applied Elastomerics* distinguishable because "the conflict between the choice of law provision and the jury waiver was apparently not raised." 2013 WL 5692352 at *3. Judge Orrick similarly declined to follow *Applied Elastomerics* in *AMEC Environment & Infrastructure Inc. v. Spectrum Services Group, Inc.*, Case No. 12-CV-04059-WHO, 2013 WL 6405811 (N.D. Cal. Dec. 6, 2013), in December 2013, noting that the 2007 *Applied Elastomerics* case did not address the California Supreme Court's then-recent *Grafton* decision, while the Northern District's decisions in *Financial Technology* and *Integrated Global*

*Concepts* presented analogous facts and both concluded that California law regarding the enforceability of jury waivers must be applied. *See* 2013 WL 6405811 at *4 (holding that a pre-dispute, contractual jury waiver was unenforceable in a diversity action where California law governed the underlying contract).

Moreover, the Order fails to cite any authority that is on point with the dispositive issue here. In applying federal law to the jury waiver question, the District Court relied on *Simler*, *supra*, its progeny, and their oft-cited passage that "the right to a jury trial in the federal courts is to be determined as a matter of federal law [...]." 372 U.S. at 222. However, the rationale underlying the *Simler* line of cases was to apply federal law whenever a constitutional right was in question in order to *protect* that right, not to take it away. *See Bookhart v. Janis*, 384 U.S. 1 (1966)[4] (holding it was error to deny petitioner his Sixth Amendment right). Indeed, the *Simler* court reversed the lower courts, holding that they "erred in denying petitioner the jury trial guaranteed him by the Seventh Amendment [...]." *Simler* at 223. To now rely on *Simler* as a basis for *denying* that very same fundamental right is contrary to the policies and analysis underpinning the decision in that case. *See Financial Technology*, 2009 WL 464762 at *1 ("The rationale underlying this [*Simler*] rule is to protect the federal policy favoring jury trials.").

---

[4] Cited by the District Court; *see* ER Vol. I at 021.

The District Court also purported to apply another rationale from *Simler* by asserting that "uniformity is undermined whenever state law that differs from federal law is applied in federal court." (ER Vol. I at 022); *see Simler* at 222. However, Judge White in *Financial Technology* aptly observed that the California law at issue is premised on an interpretation of the California Constitution, not the Seventh Amendment of the United States Constitution. Thus, application of the more protective state law is additionally appropriate because "applying California law here would not undermine the uniformity of enforcing the Seventh Amendment." 2009 WL 464762 at *2; *accord AMEC*, 2013 WL 6405811 at *4.

Furthermore, *Simler*'s broad pronouncement that the right to a jury trial in federal court is a matter of federal law was made not in the context of a state law more protective of the right to a jury trial; rather, it involved the debate between cases at law versus cases in equity. As the court in *AMEC* pointed out in relation to *Simler* and later cases relying on it: "[t]hese cases *do not* directly address the question presented in this case: what law should apply to determine the enforceability of a contractual jury waiver provision, contained in a contract governed by California law." 2013 WL 6405811 at *3 (italics in original). The District Court's mechanical reliance on *Simler* is therefore misplaced.

The District Court is correct that most Circuits have held that the determination of whether a party has waived its right to a jury trial in federal court

in a pre-dispute contract is governed by federal law.  *But see IFC Credit Corp. v. United Business & Industrial Federal Credit Union, supra*, 512 F.3d at 994 (Seventh Circuit holding that state law applies).  However, none of the cases the District Court cites in support of its conclusion, *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir. 2007), *Tracinda Corp. v. DaimlerChrysler AG,* 502 F.3d 212 (3d Cir. 2007) and *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir. 1988), considered the question of enforcement of a pre-dispute jury waiver in the context of a governing state law that is more protective than federal law of the right to a jury trial, as the case is here.[5]  Indeed, *Merrill Lynch* and *Telum* shed no light on the question at issue here because they concerned the effect of fraud on a contractual jury trial waiver with no discussion of state law at all.  And *Tracinda* similarly misses the mark because the question considered by the Court was whether, under traditional principles of agency, a contractual jury waiver which applied to a signatory corporation also applied to non-signatory officers of that company.  There was no discussion in that case of a more protective state law regarding the right to a jury trial.

The remaining cases cited by the District Court in support of its conclusion that federal law should control notwithstanding governing California law are

---

[5] This is not surprising given that states within the jurisdiction of the Second, Third and Tenth Circuits *all* allow pre-dispute, contractual jury waivers.

similarly unpersuasive. These cases fail to address the contractual jury waiver question at issue here, and are readily distinguishable on the grounds that they only address w hether a pplying state law would usurp fe deral judicial power in the context of purely procedural matters. For instance, in *Herron v. Southern Pac. Co.*, 283 U.S. 91 (1931), the court refused to apply Arizona law requiring a jury trial on issues of contributory negligence after the district court judge issued a directed verdict in defendant's favor. The Court found that a directed verdict was appropriate because the facts were undisputed and there were no conflicting inferences, holding that in this regard, "[t]he function of the trial judge in a federal court is not in any sense a local matter […]." 283 U.S. at 94. Similarly in *Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005), this Court reaffirmed in dictum that state law would not interfere with a federal judge's ability to grant a motion to dismiss because state laws do not trump the Federal Rules of Civil Procedure, namely Rule 12(b)(6). *See* 393 F.3d at 1073.

But the instant case has nothing to do with stripping a federal judge of her ability to direct a verdict, make rulings authorized by the Federal Rules, or decide a case summarily when a complaint fails to allege sufficient facts. Rather, the question before this Court concerns what law applies when considering the enforceability of a waiver of the fundamental right to a jury trial in the first instance, not whether a state law constitutes an unlawful interference with the

powers of a district court judge  To be sure, the federal and state laws at issue here are not mutually exclusive.   Petitioner simply requests this Court to heed the federal policy preserving the right to jury trial by instructing district courts that they must defer to more protective California law on the matter.

For the foregoing reasons, the District Court committed clear error when it refused to apply more protective California law to the contractual jury waiver at issue, and thus failed to "give effect to the federal policy which protects the right to a jury trial." *Pallen Matial Arts, supra,* 2014 WL 2191378 at *10.

### (c)  Petitioner is Entitled to a Jury Trial on its Claims and Defenses of Fraud

Even if the California law-governed contractual, pre-dispute jury waiver provision is enforceable in federal court notwithstanding the weight of authority to the contrary, Tata's fraudulent procurement of the Contract precludes it from enforcing this provision.  Under California law, "[t]he victim of fraud should have the choice of whether, after having been defrauded, he or she wants to enforce the rest of the agreement.  **The wrongdoer is not entitled to that choice.**" *Filet Menu, Inc. v. C.C.L. & G., Inc.*, 79 Cal. App. 4th 852, 864 (2000) (emphasis added); *see also* Cal. Civ. Code § 3517 ("No one can take advantage of his own wrong.").  It is well-settled law that where there is fraud as to the contents of a contract, as the case is here, "the right to a jury trial attaches." *Manneh v. Inverness Medical Innovations, Inc.*, Case No. 08CV653 WQH (AJB), 2011 WL

662765, *3 (S.D. Cal. Feb. 11, 2011) (denying request to bifurcate between bench and jury trial and confirming jury trial); *see also Raedeke v. Gibralter Sav. & Loan Assn.*, 10 Cal. 3d 665, 671 (1974) ("A suit to recover damages for fraud or breach of contract is an action at law in which a right to a jury trial ordinarily exists."); *Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) ("The Seventh Amendment preserves the right to trial by jury of all legal claims.").

Here, the County's First Amended Complaint alleges that Tata fraudulently induced it to enter into the Contract and its subsequent amendments. (*See* ER Vol. II at 040-085 [First Amended Complaint]). The County is entitled to have a jury adjudicate the merits of these claims. The County is also entitled to a jury trial based on its affirmative defense of fraud to Tata America's counterclaims. *See Manneh*, 2011 WL 662765 at *1 ("The right to a jury trial attaches to all of Plaintiff's legal claims and the defenses."). (*See* ER Vol. II at 034-035 [Answer]).

Relying on *Merrill Lynch, supra*, the District Court rejected the County's fraud argument because there is no allegation that the jury waiver itself was procured or affected by the alleged fraud. However, the *Merrill Lynch* court's holding in this regard relied on the inappropriate analogy between jury trial waivers and arbitration clauses within contracts. Specifically, the *Merrill Lynch* court decided to join the Tenth Circuit in *Telum, supra*, which held that since

contractual arbitration clauses are effective with respect to claims of fraudulent inducement that relate to the contract generally, the same should hold true for a contractual jury trial waiver. *See Merrill Lynch*, 500 F.3d at 188 ("A promise to bring proceedings before a judge, not a jury, is akin to an agreement to arbitrate [...].").

Several courts within California have disapproved of this faulty premise. In *Grafton,* for example, the California Supreme Court expressly rejected the attempt to equate jury trial waivers to agreements to arbitrate: "[t]he analogy to arbitration agreements is not persuasive. Unlike predispute jury waivers, predispute arbitration agreements are specifically authorized by statute." 36 Cal. 4th at 955; citing Cal. Civ. Proc. Code § 1281. To this end, "the Legislature has enacted a comprehensive scheme *authorizing* predispute arbitration agreements (§ 1280 et seq.), expressing a strong policy favoring arbitration. [...] [T]here is no comparable state policy favoring court trials in the judicial forum. To the contrary there exists a long standing public policy in favor of trial by jury." *Id.* at 964 (italics in original) (internal quotation omitted).

Federal courts have agreed that likening jury waivers to arbitration agreements is unconvincing in light of applicable federal law. *See MZ Ventures, LLC v. Mitsubishi Motor Sales of America, Inc.*, Case No. CV9902395 DDP(AIJXo.), 1999 WL 33597219, (C.D. Cal. Aug. 31, 1999) (denying motion to

strike jury demand). In *MZ Ventures*, the court recognized the same policy considerations later underscored in *Grafton*, but in the federal context. Namely, "[u]nder federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration [...]. On the other hand, courts must indulge every reasonable presumption against the waiver of the jury trial." 1999 WL 33597219 at *18 (internal quotations and citations omitted);[6] *see also U.S. ex rel. Collins Plumbing, Inc. v. Turner-Penick Joint Venture*, Case No. 3:11-CV-2834-GPC-MDD, 2013 WL 5462278, *9 (S.D. Cal. Sept. 30, 2013) ("[T]he waiver of the right to a jury through an arbitration clause is not the same as an express waiver to a right to trial by jury."). Thus, the authority on which the District Court relies to enforce the jury waiver in the face of serious fraud accusations is flawed and should be rejected.

In sum, after erroneously finding that the Contract's jury waiver provision is not void as a matter of law, the District Court compounded its error when it permitted the defrauding party to enforce this waiver. This Court should issue the

---

[6] In *MZ Ventures*, Judge Pregerson also expressed doubt about the *Telum* holding, noting that "*Telum*'s reliance on *Prima Paint* [*Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967)] is questionable" because "*Prima Paint* based its conclusion on the 'plain meaning' of the Arbitration Act and 'the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.' [citation]. Neither of these considerations is present in the context of a jury-trial waiver." *Id.*

writ for the independent and additional reason that the County is entitled to have a jury determine the merits of its fraud claims.

**4.   The Order Manifests a Blatant Disregard of the Federal Policy Favoring Jury Trials**

With respect to the fourth *Bauman* factor,[7] the issue presented in this case could affect every pre-dispute jury waiver governed by California law where there is a basis for federal subject matter jurisdiction, and thus deserves immediate attention. This matter also involves a glaring disregard for the federal policy favoring jury trials. *See e.g. Simler*, 372 U.S. at 222 ("The federal policy favoring jury trials is of historic and continuing strength."); *see also* Fed. R. Civ. P. 38(a) ("The right of trial by jury [...] is preserved to the parties inviolate."). The Supreme Court further declared that "[t]he right of a jury trial in civil cases at common law is a basic and fundamental feature of our system of federal jurisprudence which is protected by the Seventh Amendment. A right so fundamental and sacred to the citizen [...] should be jealously guarded by the courts." *Jacob v. New York*, 315 U.S. 752, 752-53 (1942).

In a case with analogous facts, the court in *Odom v. Fred's Stores of Tennessee, Inc.*, Case No. 7:12-CV-91 (HL), 2013 WL 83023 (M.D. Ga. Jan. 7,

---

[7] The fourth and fifth factors are rarely, if ever, present at the same time. *See Harper*, 729 F.2d at 1222 ("Rarely, if ever, will the final two *Bauman* guidelines both be applicable in a given case: [...] Where one of the two is present, the absence of the other is of little or no significance.").

2013), observed that contrary to the general policy favoring jury trials, application of federal law would not serve to strengthen this policy, but instead would extinguish the petitioner's right to a trial by jury. 2013 WL 83023 at *2. Based on this "paradoxical outcome" the court found that "an application of federal law would not serve to further the intent of the Supreme Court to favor jury trials." *Id.* But rather, **"applying federal law in this case would accomplish the exact opposite outcome than what the Supreme Court intended."** *I d.* ( emphasis added). The *Financial Technology* court agreed: "although the reason the Supreme Court [in *Simler*] held that federal law governs the right to a jury trial was to protect this right, applying federal law here would eliminate that right." 2009 WL 464762 at *1.

Although this Court has yet to address the questions presented here, it has expressed a strong pronouncement to protect the right to a jury trial at all costs. *See e.g. Nordbrock*, 941 F.2d at 949-50 ("We must indulge every reasonable presumption against the waiver of the jury trial."); citing *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981). The District Court contends that the County's reliance on *Nordbrock* for the broad pronouncement that courts should do all they can to protect the right to a jury trial is misplaced. Again, not so. In fact, the Order marks the first attempt by a California district court to categorically reject *Nordbrock* in a diversity case involving a contractual, pre-dispute jury waiver

governed by California law. Indeed, in at least three other cases with analogous facts, the courts unanimously relied on the *Nordbrock* directive to strike down the jury waiver at issue. *See e.g. Financial Technology*, 2009 WL 464762 at *2 ("Given that courts 'must indulge every reasonable presumption against the waiver of the jury trial,' [citation] the Court honors the parties' choice of law provision in the contract at issue and holds that, pursuant to California law, the jury waiver provision is unenforceable."); *accord Integrated Global Concepts*, 2013 WL 5692352 at *2; *AMEC*, 2013 WL 6405811 at *4.

Accordingly, the District Court's refusal to apply California law to the Contract's jury waiver provision constitutes an unprecedented departure from the federal policy favoring jury trials.

### 5. The Order Raises Issues of First Impression in This Circuit

The fifth *Bauman* factor also favors mandamus relief. The District Court's Order "raises new and important problems" and addresses "issues of law of first impression" in this Circuit. *Bauman*, 557 F.2d at 655. Indeed, the District Court acknowledged that "[t]he Ninth Circuit, however, has not yet considered the question" of what law should apply in federal court to a pre-dispute, contractual jury waiver governed by California law. (ER Vol. I at 021); *see also Pallen Martial Arts*, 2014 WL 2191378 at *9 ("The question of whether state or federal law applies has not been resolved by the Ninth Circuit [...].").

This issue is also significant because it affects every case concerning a contractual, pre-dispute jury waiver governed by California law that is filed, or could end up by removal, in federal court. Indeed, were the District Court's approach to stand, one might expect that defendants in diversity cases would have an increased incentive to remove to federal court to deprive plaintiffs of trial by jury. Further, resident defendants who could not remove a case might decide to rush to the federal courthouse first, styling themselves as plaintiffs for the same reason, leading to forum shopping and inconsistent application of California's pre-dispute jury waiver prohibition. Given that California law now prohibits pre-dispute jury waivers, but many such provisions remain in contracts (and in form contracts) created before the 2005 *Grafton* decision, district courts within this Circuit will continue to confront this issue repeatedly.[8] *See Nat'l Right to Work Legal Def. v. Richey*, 510 F.2d 1239, 1243 (D.C. Cir. 1975) ("mandamus […] may issue to clarify novel and important questions of law [… and is authorized] where the decision will serve to clarify a question that is likely to confront a number of lower court judges in a number of suits before appellate review is possible."); *see also In re Cavanaugh*, 306 F.3d 726, 728-29 (9th Cir. 2002) (mandamus based

---

[8] District courts in the Northern District of California alone have confronted this exact issue at least three times in the last nine months. *See e.g. Integrated Global Concepts* (October 2013), *AMEC* (December 2013) and *Pallen Martial Arts* (May 2014). As noted above, by reaching the opposite conclusion from these courts, the District Court here has created a split of authority within the Circuit.

solely on fact that order raised "new and important problems, [and] issues of law of first impression.").

Furthermore, this Court has yet to address the enforceability of a jury waiver provision in a fraudulently induced contract. *See MZ Ventures*, 1999 WL 33597219 at *17. Like the debate over California versus federal law discussed above, district courts will certainly be tasked with determining the effect of fraud on a contractual jury waiver, whether or not California law controls.

For all of the foregoing reasons, mandamus is warranted here.

## V.   **CONCLUSION**

For all of the reasons set forth above, Petitioner respectfully requests that the Court grant its request for mandamus relief.

DATED: July 30, 2014              THEODORA ORINGHER PC

By: /s/  Allen L. Schare
    Allan L. Schare
    *Counsel for Petitioner/Plaintiff*
    *and Counterdefendant*
    COUNTY OF ORANGE

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Petitioner states that it is not aware of any related cases pending in this Court.

| 9th Circuit Case Number(s) | |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                     .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)  Jul 30, 2014 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Allison S. Brehm, Esq.
Kelley Drye & Warren LLP
10100 Santa Monica Blvd., 23rd Fl.
Los Angeles, CA  90067

Clerk of the U.S. District Court
411 W. Fourth Street, #1053
Santa Ana, CA  92701-4516

Signature (use "s/" format)  /s/ Davina L. Perry