**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COUNTY OF ORANGE, | No. 14-72343 |
| COUNTY OF ORANGE, a political subdivision of the State of California, | D.C. No. 8:13-cv-00683-JLS-JC |
| *Petitioner*, | |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA, | |
| *Respondent*, | |
| TATA CONSULTANCY SERVICES LTD., an Indian corporation; TATA AMERICA INTERNATIONAL CORPORATION, a New York corporation, | |
| *Real Parties in Interest*. | |

Petition For Writ Of Mandamus

Argued and Submitted
March 4, 2015—Pasadena, California

Filed April 16, 2015

Before: Ronald M. Gould and Richard C. Tallman, Circuit
Judges, and Edward R. Korman, Senior District Judge.[*]

Opinion by Judge Tallman

---

**SUMMARY**[**]

---

**Writ of Mandamus / *Erie* Doctrine**

The panel granted a petition for a writ of mandamus
brought by the County of Orange, California, and directed
the district court to deny Tata America International
Corporation's motion to strike the County's demand for a
jury trial.

Under California law, *Grafton Partners, L.P. v. Superior
Court*, 116 P.3d 479 (Cal. 2005), pre-dispute jury trial
waivers are invalid unless expressly authorized by statute.
Federal law, on the other hand, permits such waivers as long
as each party waived its rights knowingly and voluntarily.

The panel held that the five factors to apply to a
mandamus petition, and announced in *Bauman v. U.S.
District Court*, 557 F.2d 650 (9th Cir. 1977), did not apply in
the extraordinary case where, as here, the petitioner claimed
erroneous deprivation of a jury trial.

---

[*] The Honorable Edward R. Korman, Senior United States District Judge
for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

Because no Federal Rule of Civil Procedure or federal law governs pre-dispute jury trial waivers, the panel applied the "relatively unguided" *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), analysis. The panel found that the law governing pre-dispute jury trial waivers was procedural under *Erie*, and therefore federal courts should apply federal law to determine the validity of a waiver. The panel also concluded that the federal "knowing and voluntary" standard did not necessarily conflict with California's *Grafton* rule because the federal standard was a constitutional minimum courts use to protect litigants' Seventh Amendment rights to trial by jury. The panel held, therefore, that *Erie*'s federalism principle required federal courts sitting in diversity to import, as the federal rule, state law governing jury trial waivers, where, as here, state law was even more protective than federal law of the jury trial right. The panel applied California law, and held that the parties' contractual jury trial waiver was unenforceable. The panel concluded that the district court erroneously deprived a California county of a jury trial when it granted Tata America's motion to strike, and mandamus relief was therefore warranted.

## COUNSEL

Benjamin Parker Broderick (argued), Allan L. Schare, Alexander George Brizolis, and Todd Thodora, Theodora Oringher P.C., Costa Mesa, California, for Petitioner.

William A. Escobar (argued), Kelley Drey & Warren LLP, New York, New York; Allison S. Brehm and Kenneth David Kronstadt, Kelley Drey & Warren LLP, Los Angeles, California, for Real Parties in Interest.

## OPINION

TALLMAN, Circuit Judge:

This mandamus petition requires us to decide whether, under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity applies state or federal law to determine the validity of a pre-dispute jury trial waiver contained in a contract governed by California law. California and federal law treat such waivers differently: Under California law, pre-dispute jury trial waivers are invalid unless expressly authorized by statute. *See Grafton Partners, L.P. v. Superior Court*, 116 P.3d 479 (Cal. 2005).[1] Federal law, on the other hand, permits such waivers as long as each party waived its rights knowingly and voluntarily. *See Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009). "The compatibility of these provisions, in an action based on [California] law but tried in federal court by reason of the parties' diverse citizenship" implicates the *Erie* doctrine. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 419 (1996). "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Id.* at 427.

Because no Federal Rule of Civil Procedure or federal law governs pre-dispute jury trial waivers, we apply the "relatively unguided" *Erie* analysis to answer the vertical choice of law question presented here. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Doing so, we find that the law governing pre-dispute jury trial waivers is procedural under

---

[1] California Civil Code § 631, which *Grafton* interprets, expressly authorizes several ways a party may waive its jury trial right. None are applicable here.

*Erie*, and so federal courts should apply federal law to determine the validity of a waiver.  But we also conclude that the federal "knowing and voluntary" standard does not necessarily conflict with California's *Grafton* rule because the federal standard is a constitutional minimum courts use to protect litigants' Seventh Amendment rights to trial by jury.[2] We hold, therefore, that *Erie*'s federalism principle requires federal courts sitting in diversity to import, as the federal rule, state law governing jury trial waivers where, as here, state law is even more protective than federal law of the jury trial right.  Applying California law, we hold that the parties' contractual jury trial waiver is unenforceable.  *See Grafton*, 116 P.3d at 492.  And because "the only question presented [here] . . . is whether the district court erred in denying petitioner's request for a jury trial," *Mondor v. U.S. District Court*, 910 F.2d 585, 586 (9th Cir. 1990), we GRANT the County's petition for writ of mandamus.

## I

The dispute underlying this mandamus petition is a simple breach of contract action.  In 2007, Plaintiff - Petitioner the County of Orange (the "County") hired Defendant - Real Party in Interest Tata America International Corporation and its international affiliate (collectively, "Tata America") to develop a property tax management system.  In 2008, the parties entered into a contract for professional services to develop and implement the computerized system.  The contract became final when the County Board of Supervisors approved it on July 15, 2008.  The contract contains an

---

[2] The Seventh Amendment provides that "[i]n Suits at common law . . . , *the right of trial by jury shall be preserved*."  U.S. Const. amend. VII (emphasis added).

unambiguous clause by which each party agrees to waive its right to a jury trial in any dispute arising out of the contract. That clause provides:

> **Waiver of Jury Trial**. Each party acknowledges that it is aware of and has had the opportunity to seek advice of counsel of its choice with respect to its rights to trial by jury, and each party, for itself and its successors, creditors, and assigns, does hereby expressly and knowingly waive and release all such rights to trial by jury in any action, proceeding or counterclaim brought by any party hereto against the other (and/or against its officers, directors, employees, agents, or subsidiary or affiliated entities) on or with regard to any matters whatsoever arising out of or in any way connected with this Contract and/or any other claim of injury or damage.

The contract also contains a California choice of law clause.

Tata America did not perform its obligations under the contract to the County's satisfaction, and, in 2013, the County filed a breach of contract action in the United States District Court for the Central District of California, invoking that court's diversity jurisdiction. *See* Compl. 1, Apr. 30, 2013, ECF No. 1. The County sued under California contract law, asserting claims for promissory fraud, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and breach of contract. In general, the County alleges that Tata America "failed to live up to the representations and promises [it] made to the County and also failed to comply with generally accepted industry standards."

The Complaint and the First Amended Complaint both include a jury trial demand.

Tata America filed a motion to strike the County's jury demand. *See* Tata Mot. to Strike 1, Apr. 22, 2014, ECF No. 40. It argued that the County waived its right to a jury trial by proposing and signing the contract containing the jury trial waiver. *See id.* at 1–2. In its motion, Tata America invoked the district court's power under Federal Rule of Civil Procedure 39, which permits a district court to strike a jury demand if it "finds that on some or all of [the issues raised] there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2).

In a thoughtful and well reasoned opinion, the district court granted Tata America's motion to strike. *See Cnty. of Orange v. Tata Consultancy Serv. Ltd.*, Case No. 8:13-cv-00683-JLS-JC (C.D. Cal. June 10, 2014) (ECF No. 51) (In Chambers) (Order Granting Defendant's Motion to Strike). Noting that "[t]he parties dispute whether federal or California law applies to the determination of whether the County has waived its right to a jury trial," the court invoked the *Erie* doctrine. *See id.* at *3. It relied on *Simler v. Conner*, 372 U.S. 221, 222 (1963), and *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 537–38 (1958), to conclude that the right to a jury trial—including waiver of that right—is a federal procedural issue controlled in federal court by federal law. *See Cnty. of Orange*, Case No. 8:13-cv-00683-JLS-JC, at *5. It invoked *Herron v. Southern Pacific Co.*, 283 U.S. 91, 94 (1931), as a basis for rejecting the County's argument that California's prohibition on contractual jury trial waivers controls in federal court. Applying this authority, the court "conclude[d] that federal law, not California law, governs the question of whether a

party has waived its right to a jury trial in federal court." *See Cnty. of Orange*, Case No. 8:13-cv-00683-JLS-JC, at *6. Applying federal law, the district court determined that the County—which drafted the jury waiver at issue here— knowingly and voluntarily waived its right to a jury trial. *Id.* at *6–7.

The County then filed the petition for writ of mandamus currently before us. In its petition, the County argues that the district court erred under *Erie* when it applied federal law to evaluate the validity of the waiver. The All Writs Act, 28 U.S.C. § 1651, gives us jurisdiction to resolve this dispute.[3]

## II

## A

Before tackling the *Erie* issue, we consider whether to apply the five factors announced in *Bauman v. U.S. District Court*, 557 F.2d 650 (9th Cir. 1977), to a mandamus petition—like the County's—that alleges the erroneous deprivation of a jury trial.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. "A writ of mandamus is an

---

[3] We review *de novo* "[w]hether state or federal law applies in a diversity action." *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 912 (9th Cir. 1985). We also review *de novo* whether a party validly waived its right to a jury trial. *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).

extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Sussex*, — F.3d —, No. 14-70158, 2015 WL 1379852, at *3 (9th Cir. Jan. 27, 2015) (internal quotation marks omitted). Thus, the petitioner carries the high burden of establishing that his or her "right to issuance of the writ is clear and indisputable." *Bauman*, 557 F.2d at 656 (quotation marks omitted).

To evaluate whether the petitioner has carried this burden, we ordinarily examine the five factors set forth in *Bauman*:

> (1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief he or she desires. (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.) (3) The district court's order is clearly erroneous as a matter of law. (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules. (5) The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 654–55 (citations omitted); *see also In re Sussex*, 2015 WL 1379852, at *3.

But *Bauman* does not apply in the extraordinary case where the petitioner claims erroneous deprivation of a jury trial. "The right to a jury trial . . . has occupied an exceptional place in the history of the law of federal

mandamus . . . ." *Wilmington Trust v. U.S. Dist. Court*, 934 F.2d 1026, 1028 (9th Cir. 1991); *see also* 16 The Late Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3935.1 (3d ed. 2014). For that reason, we will "grant mandamus where necessary to protect the constitutional right to trial by jury. If the plaintiffs are entitled to a jury trial, their right to the writ is clear." *Tushner v. U.S. Dist. Court*, 829 F.2d 853, 855 (9th Cir. 1987) (Kennedy, J.) (citations omitted); *see also Mondor*, 910 F.2d at 585–86 ("While mandamus relief is extraordinary and is available only in very limited circumstances, the wrongful denial of a jury trial is an appropriate basis for such relief.").

Thus where, as here, the mandamus petition alleges the erroneous deprivation of a jury trial, the *Bauman* factors are inapplicable and "the only question presented . . . is whether the district court erred in denying petitioner's request for a jury trial." *Mondor*, 910 F.2d at 586. Furthermore, we may issue the writ even if "the petitioner is unable to show a 'clear and indisputable' right" to it. *Wilmington Trust*, 934 F.2d at 1028.

**B**

To decide whether the district court erred in denying petitioner's request for a jury trial we must first determine—under *Erie* and its progeny—whether federal district courts sitting in diversity apply federal or state law to evaluate the validity of a pre-dispute jury trial waiver. State and federal law treat such clauses differently: California generally prohibits pre-dispute waivers, *Grafton*, 116 P.3d at 479, but federal law permits them as long as the parties waived their rights knowingly and voluntarily, *see Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir.

1977).  Although courts (including ours) generally recognize that a party's right to a jury trial in federal court is a federal issue controlled by federal law, no circuit court has considered the narrower question presented here:  What law should federal courts sitting in diversity apply to determine the validity of a jury trial waiver clause when state law is more protective than federal law of the right to a jury trial?

### i

To answer this question, we begin with *Erie*.  Or rather, with the Rules of Decision Act, 28 U.S.C. § 1652.  The Rules of Decision Act provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."  *Id.*  The Supreme Court interpreted the Rules of Decision Act in *Erie*. It held that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state" including state statutory and common law.  *Erie*, 304 U.S. at 78.  Although this holding seems to preclude entirely application of federal common law in diversity cases, subsequent decisions have not read *Erie* so strictly.  *See, e.g.*, *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001) (applying the *McDonnell Douglas* burden-shifting model—which is federal decisional law—in the face of a countervailing state rule because the state rule is procedural); *cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) ("[F]ederal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity.").  Rather, *Erie* has come to stand for the general principle that "federal courts sitting in

diversity apply state substantive law and federal procedural law." *Gasperini*, 518 U.S. at 427.

When confronted with an *Erie* question, we first ask whether a Federal Rule of Civil Procedure or a federal law governs. *Hanna*, 380 U.S. at 470–71. If so, we will apply that rule—even in the face of a countervailing state rule—as long as it is constitutional and within the scope of the Rules Enabling Act, 28 U.S.C. § 2072. *Olympic Sports Prods. v. Universal Athletic Sales Co.*, 760 F.2d 910, 914–15 (9th Cir. 1985) (describing analysis); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (same).

Absent an applicable Federal Rule or law, we apply the "relatively unguided" *Erie* analysis, *Hanna*, 380 U.S. at 471, which calls on us to determine whether the rules at issue are substantive or procedural, *see Gasperini*, 518 U.S. at 427. A substantive rule is one that creates rights or obligations, or "is bound up with [state-created] rights and obligations in such a way that its application in the federal court is required." *Byrd*, 356 U.S. at 535. A procedural rule, by contrast, defines "a form and mode of enforcing" the substantive right or obligation. *Id.* at 536. Although helpful, these definitions have their limits: "[T]here is no bright line distinguishing substance from procedure, [and] the meanings of these terms shade into one another by degrees and vary from context to context." Larry Kramer, *Choice of Law in Complex Litigation*, 71 N.Y.U. L. Rev. 547, 569 (1996); *see also Gasperini*, 518 U.S. at 427 ("Classification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor.").

Thus, even more so than the substantive/procedural labels, our "unguided analysis" is informed by *Erie*'s "core policies." *Olympic Sports Prods.*, 760 F.2d at 913. These policies require us to consider whether application of the federal rule would (1) be "outcome determinative," (2) encourage "forum-shopping" between state and federal courts, or (3) lead to "inequitable administration of the laws." *Hanna*, 380 U.S. at 468 (describing *Erie*'s "twin aims"); *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945) (describing the "outcome determinative" test). If so, the state rule is likely substantive and we will apply it in federal court. On the other hand, if the rule implicates an essential characteristic of the federal system, we typically apply the federal rule. *See, e.g.*, *Gasperini*, 518 U.S. at 432; *Byrd*, 356 U.S. at 537–38.

**ii**

Although we face an issue of first impression, we do not write on an entirely blank slate. Federal courts (including ours) have applied *Erie* to hold that the right to a jury trial is a federal procedural issue controlled by federal law. For example, in *Simler*, the Court considered whether state or federal law governs when a court must determine if an action is legal or equitable "for the purpose of deciding whether the claimant has a right to a jury trial." 372 U.S. at 221. The Court held that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Id.* at 222. In *Byrd*, the Court held that federal courts sitting in diversity must apply federal law to determine whether a particular factual matter should be decided by a judge or a jury. *Byrd*, 356 U.S. at 533–35. Circuit courts, including the Ninth Circuit, cite these cases for the general proposition that federal courts sitting in diversity

apply federal law to determine the scope of the parties' rights to a jury trial. *See, e.g.*, *Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1026–27 (9th Cir. 1996) ("In a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues.").

Several of our sister circuits have applied this general rule to hold that federal courts sitting in diversity look to federal law to determine the enforceability of a jury trial waiver clause such as the one at issue here. *See, e.g.*, *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 420–21 (6th Cir. 2011); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007); *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007); *Medical Air Tech. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 18 (1st Cir. 2002); *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988); *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832–33 (4th Cir. 1986). The Seventh Circuit took a different approach in *IFC Credit Corp. v. United Business & Industrial Federal Credit Union*, 512 F.3d 989, 991–92 (7th Cir. 2008) (Easterbrook, C.J.). There, the court held that even if federal law governs whether a litigant waived its right to a jury trial in federal court, federal courts should import the state rule of decision to determine the validity of a pre-dispute waiver because "there is no general federal law of contracts after *Erie*." *Id.*

But the way California law deals with the validity of pre-dispute waivers makes these cases distinguishable from ours. Unlike state law in the First, Second, Third, Fourth, Sixth, Seventh, and Tenth Circuits, California law (along with Georgia law) is more protective than federal law of the right to trial by jury. Under California (and Georgia) law, parties to a contract cannot waive their right to a jury trial before a

dispute commences, and any contract provision seeking to effect such a waiver is unenforceable unless expressly authorized by statute.  *See Grafton*, 116 P.3d at 484.

Recognizing this difference, California and Georgia district courts sitting in diversity have split on whether state or federal law governs the validity of a pre-dispute jury trial waiver.  *Compare Pallen Martial Arts, LLC v. Shir Martial Arts, LLC*, Case No. 13-cv-05898-JST, 2014 WL 2191378, at *9 (N.D. Cal. May 23, 2014) ("[T]he growing consensus in this district is that jury trial waivers are unenforceable in contract actions brought under California law."), *and GE Commercial Fin. Bus. Prop. Corp. v. Heard*, 621 F. Supp. 2d 1305, 1310 (M.D. Ga. 2009) ("[T]he Court finds that the contractual jury trial waivers in the Georgia contracts are null and void under Georgia law and consequently not enforceable in this action."), *with Cnty. of Orange*, Case No. 8:13-cv-00683-JLS-JC, at *5–6 (order appealed here) (applying the federal "knowing and voluntary" standard to evaluate the validity of a pre-dispute jury trial waiver), *and GEM Acquisitionco, LLC v. Sorenson Grp. Holdings, LLC*, No. C 09-01484 SI, 2009 WL 3246747, at *4, *6 (N.D. Cal. Oct. 8, 2009) (same); *see also* Brian S. Thomley, Comment, *Nothing is Sacred: Why Georgia and California Cannot Bar Contractual Jury Waivers in Federal Court*, 12 Chap. L. Rev. 127, 145 (2008) (noting the divergent case law on this issue).

**iii**

As this case law suggests, we are not presented with an easy question.  "[C]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging

endeavor. This is one of those times." *Snead*, 237 F.3d at 1090 (internal citations and quotation marks omitted).[4]

On the one hand, rules dictating when a party waives its right to a jury trial are procedural, and "federal courts sitting in diversity apply . . . federal procedural law." *Gasperini*, 518 U.S. at 427. California's rule that pre-dispute jury trial waivers are unenforceable is not a rule that creates "rights and obligations" for the parties to a contract, *see Byrd*, 356 U.S. at 535, nor is it a rule that dictates the substance of a potential award, *see Gasperini*, 518 U.S. at 428. Rather, the rule—which allocates tasks between a judge and a jury—describes "merely a form and mode of enforcing" the law. *Byrd*, 356 U.S. at 536; *see also Gasperini*, 518 U.S. at 426 (noting that a law is procedural when it "assigns decisionmaking authority"); *Wabol v. Villacrusis*, 958 F.2d 1450, 1460 (9th Cir. 1990) ("The jury trial guarantee is primarily a procedural right designed to safeguard the broader and more fundamental right to a fair trial . . . ."). Such rules are procedural under *Erie*.

---

[4] We use the "relatively unguided" *Erie* analysis because neither a Federal Rule of Civil Procedure nor a federal law dictates whether pre-dispute jury trial waivers are enforceable in federal court. *See Hanna*, 380 U.S. at 470–71; *Olympic Sports Prods.*, 760 F.2d at 914. Federal Rules of Civil Procedure 38 and 39 relate to jury trial waivers, but only in the context of cases already in litigation. *See* Fed. R. Civ. P. 38(d) (explaining that a party waives its right to a jury trial by failing to properly request one); Fed. R. Civ. P. 39 (giving district courts the power to strike a demand for a jury trial on certain issues). And although the Federal Arbitration Act, 9 U.S.C. §§ 1–19, permits pre-dispute jury trial waivers, the Act is not applicable here because it addresses such waivers only in the context of arbitration clauses, and the contract at issue contains no such clause.

Also, application of the federal rule in federal court would not be "outcome determinative": California's *Grafton* rule does not "'have so important an effect upon the fortunes of one or both of the litigants that failure to [apply] it would [unfairly discriminate against citizens of the forum state, or] be likely to cause a plaintiff to choose the federal court.'" *Snead*, 237 F.3d at 1090 (alterations in original) (quoting *Gasperini*, 518 U.S. at 427). It is too speculative to assume that an individual who signs a contract containing a jury trial waiver would seek to void that waiver by rushing to sue an adversary in the adversary's home-state court (from which the adversary could not remove to federal court, *see* 28 U.S.C. § 1441(b)(2)). Viewed this way, application of the federal law would not promote forum-shopping or cause inequitable administration of the law. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 53 (1991) (a rule will not implicate *Erie*'s twin aims when its application to the parties is uncertain). *Byrd* confirms that federal courts can apply federal law on jury trial waivers without undermining *Erie*'s core principles: It notes that whether a case is tried by a judge or a jury does not create "the certainty that a different result would follow, . . . or even the strong possibility that this would be the case." *Byrd*, 356 U.S. at 539 (internal citations omitted). *But see Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 203 (1956) ("The nature of the tribunal where suits are tried is an important part of the parcel of rights behind a cause of action.").

On the other hand, California's rule is substantive. It is a state rule of contract interpretation that furthers the state constitutional policy favoring jury trials, *Grafton*, 116 P.3d at 482, and rules of contract interpretation and construction are plainly substantive under *Erie*, *see IFC Credit Corp.*,

512 F.3d at 991–92 ("There is no general federal law of contracts after" *Erie*).

But even if we view California's rule as primarily procedural, we are not convinced that federal courts sitting in diversity may disregard it. As we recognized in *Feldman v. Allstate Insurance Co.*, 322 F.3d 660 (9th Cir. 2003), federal courts sitting in diversity must give full effect to state procedural rules when those rules are "intimately bound up with the state's substantive decision making" or "serve substantive state policies." *Id.* at 667 (quotation marks omitted); *see also Byrd*, 356 U.S. at 535. California's rule on pre-dispute jury trial waivers embodies the state's substantive interest in preserving the "right to a jury trial in the strongest possible terms," *Grafton*, 116 P.3d at 482, an interest the California Constitution zealously guards, *see* Cal. Const. art. I, § 16 ("Trial by jury is an inviolate right and shall be secured to all . . . ."). Also, respecting that interest reinforces the Federal Constitution's preservation of jury trials in civil cases. *See* U.S. Const. amend. VII.

So the question becomes: Can "federal courts . . . give effect to the substantive thrust of [California's rule] without untoward alteration of the federal scheme for the trial and decision of civil cases[?]" *Gasperini*, 518 U.S. at 426. We believe we can.

We hold, first, that federal procedural law governs the validity of a pre-dispute jury trial waiver in federal court. This comports with *Simler* and *Byrd*, in which the Supreme Court held that the scope of the right to a jury trial in a federal diversity case is a federal procedural issue governed by federal law. *Simler*, 372 U.S. at 221; *Byrd*, 356 U.S. at 533–35. It also fits with our general understanding of the jury

trial right as a procedural right that guarantees a particular *mode* of enforcing certain substantive rights. *See Wabol*, 958 F.2d at 1460 (interpreting the Sixth Amendment right to a jury trial). Having determined that federal law applies, we must next ask: What is the federal rule?

The federal "knowing and voluntary" standard adopted by the district court is not a generally applicable federal rule, but rather a federal constitutional minimum. "Maintenance of the jury as a fact-finding body [in both civil and criminal cases] is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) (citations omitted); *see also Hendrix*, 565 F.2d at 258 ("It is elementary that the *Seventh Amendment right* to a jury is fundamental and that its protections can only be relinquished knowingly and intentionally." (emphasis added)), *cited with approval in Palmer*, 560 F.3d at 968. But a federal constitutional minimum is inapplicable where, as here, state law is more protective than federal law of federal constitutional rights. There is, thus, no federal rule that governs the validity of a pre-dispute jury trial waiver when state law is more protective than federal law of the jury trial right.

When faced with such a gap, *Erie*'s federalism principle directs us to import state law as the federal rule rather than construct a new federal common law rule. *Erie* ensures that "a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State . . . ." *Guar. Trust*, 326 U.S. at 108. To that end, and absent a countervailing federal rule or interest, federal courts should adjudicate state-created rights in a manner that closely

resembles the way in which a state court would adjudicate that same right. *See, e.g.*, *Bernhardt*, 350 U.S. at 202–03. This goal is particularly important where, as here, the state rule has a "substantive thrust." *See Gasperini*, 518 U.S. at 426. And while expansion of a federal common law rule may be necessary when federal interests require a "nationally uniform body of law," *United States v. Kimball Foods, Inc.*, 440 U.S. 715, 728 (1979); *Byrd*, 356 U.S. at 537, here, federal courts can ensure uniform protection of Seventh Amendment rights by permitting parties to waive those rights—at minimum—knowingly and voluntarily, *see Hendrix*, 565 F.2d at 258, while still adhering to California's *Grafton* rule. For these reasons, "[t]his is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State" whose law governs the contract. *See Semtek*, 531 U.S. at 508.

To recap: The law governing jury trial waivers in federal court is federal procedural law. But the federal rule most courts use to evaluate such waivers—the "knowing and voluntary" standard—is a federal constitutional minimum. Its application is not required where, as here, state law is more protective than federal law of the jury trial right. So we are faced with a void in federal law. Rather than expand the constitutional "knowing and voluntary" standard to fill that void, we adopt state law as the federal rule. This means that federal courts sitting in diversity must apply the relevant state law to evaluate the validity of a pre-dispute jury trial waiver when that law is more protective than federal law.

## C

The parties' contract is governed by California law. California law holds, as a matter of public policy, that a

litigant cannot waive its right to a jury trial by entering into a contract that contains a pre-dispute jury trial waiver clause. *Grafton*, 116 P.3d at 484, 488 (citing Cal. Const. art. I, § 16 and Cal. Civ. Code § 631). This rule is more protective of the right to a jury trial than the federal "knowing and voluntary" standard. *See Hendrix*, 565 F.2d at 258. For that reason, district courts sitting in diversity must apply California's rule on pre-dispute jury trial waivers to contracts governed by California law.

The district court thus erred when it applied the federal "knowing and voluntary" standard to uphold the parties' waiver. While we agree that the County knowingly and voluntarily waived its right to a jury trial by drafting, proposing, and signing a contract that contained a jury trial waiver, California—not federal—law dictates the validity of the waiver clause. And under California law, the parties' pre-dispute waiver clause is unenforceable.[5] *See Grafton*, 116 P.3d at 481. When it granted Tata America's motion to strike, the district court erroneously deprived a California county of a jury trial. Mandamus relief is therefore warranted. *See Mondor*, 910 F.2d at 585–86.

---

[5] We are unpersuaded by Tata America's argument that the parties' jury trial waiver is enforceable under California law notwithstanding *Grafton*. Tata America cited no post-*Grafton* authority for its assertion that "although section 631 does not specifically address legislative waivers of the right to a jury trial, California Government Code section 25203 [which permits the County's Board of Supervisors to enter into contracts and control litigation on behalf of the County] *implicitly* provides for the predispute waiver of jury trials." We decline to infer such a broad exception to *Grafton*, particularly in light of that case's unequivocal holding that "section 631 does not authorize predispute waiver of [the right to a jury trial]." *Grafton*, 116 P.3d at 488.

### III

For these reasons, we grant Orange County's petition for writ of mandamus. We direct the district court to deny Tata America's motion to strike the County's demand for a jury trial.

Each party shall bear its own costs.

**PETITION GRANTED.**